# Krukowski v. Pep Boys

C.P. of Lackawanna County, no. 2000 Civil 276.

*Julia K. Munley*, for plaintiff.
*Ben Nicolosi*, for defendant Pep Boys.
*John K. Shaffer*, for defendant Lombardo.

MINORA, *J.,* November 10, 2003—Currently before the court is the motion for summary judgment filed by the defendant, Pep Boys.

By way of background, this action arises out of an incident on June 20, 1998, wherein Sheryl Krukowski was injured when a hubcap came off an automobile being operated by defendant Joseph Lombardo and struck plaintiff in the leg as she was exiting her vehicle. Defendant Joseph Lombardo had earlier on the day of June 20, 1998, taken his automobile to defendant Pep Boys for the installation of four new tires. The hubcap which struck plaintiff was a different type than the other three hubcaps which were on the car. As a result of being struck by the hubcap, plaintiff suffered a laceration over the lower anterior medial aspect of the right lower leg and scarring to the lower anterior medical aspect of the right lower leg.

Plaintiff instituted this action by means of writ of summons on January 18, 2000, against defendant. She subsequently filed her complaint on March 13, 2000. Defendants have filed their answers to plaintiff's complaint and discovery has been exchanged. Defendant Pep Boys has filed a motion for summary judgment to which plaintiff has filed her response and brief. The matter was argued before the undersigned on June 24, 2003, thus rendering this matter ripe for disposition.

By way of further summary and background, the gist of the defendant Pep Boys' request for summary judg-

ment is that the pedestrian plaintiff is bound by her choice of a "limited tort" option on her own automobile policy and therefore cannot recover noneconomic damages of pain and suffering. (See generally, 75 Pa.C.S. §1701 et seq. and 75 Pa.C.S. §1705(d).) Also, the defendant Pep Boys claims they are entitled to summary judgment since plaintiff has failed to demonstrate a "serious" injury, again precluding her from recovering noneconomic damages in a limited tort setting as per 75 Pa.C.S. §1705(d).

## I. ISSUES

(1) Is the defendant Pep Boys entitled to summary judgment as a matter of law where the pedestrian plaintiff was injured by a flying hubcap allegedly negligently installed by defendant Pep Boys when the pedestrian plaintiff chose a "limited tort" option on her own automobile policy?

(2) Is defendant Pep Boys entitled to summary judgment as a matter of law in that plaintiff has failed to produce enough evidence that she suffered "permanent serious disfigurement" as per 75 Pa.C.S. §1702?

## II. DISCUSSION

### A. *The General Standards for Summary Judgment*

Summary judgment may be granted only in those cases where the record clearly demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Cresswell v. Pennsylvania National Mutual Casualty Insurance Co.,* 820 A.2d 172, 177 (Pa. Super. 2003). In determining

whether summary judgment is appropriate, the record must be viewed in the light most favorable to the non-moving party and all doubts regarding the existence of an issue of material fact must be resolved against the movant who bears the burden of proving the absence of a factual dispute. *Al's Cafe Inc. v. Sanders Insurance Agency,* 820 A.2d 745, 748 (Pa. Super. 2003); *Downey v. Crozer-Chester Medical Center,* 817 A.2d 517, 524 (Pa. Super. 2003). "[O]nly when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Cresswell, supra.* Thus, "[s]ummary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law." *David Pflumm Paving & Excavating Inc. v. Foundation Services Co.,* 816 A.2d 1164, 1167 (Pa. Super. 2003). See also, *Glodzik v. Whink Products Co.,* 104 Lacka. Jur. 262, 265 (2003).

## B. *The Pedestrian Plaintiff and the Limited Tort Option*

Defendant Pep Boys relies on *L.S. ex rel. A.S. v. Eschbach,* 822 A.2d 796, 801 (Pa. Super. 2003), for the proposition that a pedestrian is bound by her limited tort selection for injuries sustained in a motor vehicle accident.

However, the same court recognized that the legislature "provided an exception to tort election where a claim is brought against a person in the business of designing, manufacturing, repairing, SERVICING, or otherwise maintaining motor vehicles arising out of a defect of one of those vehicles which was caused by the negligence of the business." (emphasis added) *L.S. ex rel. A.S. v.*

*Eschbach,* 822 A.2d 796, 804 (Pa. Super. 2003); 75 Pa.C.S. §1705(d)(2).

Moreover, it is clear that plaintiff's theory of liability against Pep Boys is based on alleged improper servicing and maintaining defendant Joseph Lombardo's vehicle by improperly mounting a hubcap after installing tires. (See Count II of plaintiff's complaint paragraphs 17-19 inclusive.)

Therefore, it is not clear as a matter of law that the pedestrian plaintiff in this case does not meet the exception to limited tort selection set forth by 75 Pa.C.S. §1705(d)(2). In fact, the fact pattern of this case suggests quite the opposite, rendering summary judgment on this issue inappropriate and the same will be deemed.

## C. *The Permanent Nature of Plaintiff's Injuries*

Although we have ruled that plaintiff meets an exception to the limited tort selection we would like to address by dicta and for instructional purposes the issue of whether a genuine issue of material fact exists as to the permanent nature of plaintiff's injuries.

First, we note that serious injury is defined in 75 Pa.C.S. §1702 as "a personal injury resulting in death, serious impairment of bodily function or permanent serious disfigurement." The court in *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998), states that whether or not a plaintiff had suffered a serious injury was to be left to the jury unless reasonable minds could not differ. Specifically the court stated:

"Upon review, we conclude that the legislative history does not support the view that the threshold determination of whether a serious injury has been sustained

is to be made by the trial judge. In fact, we find that the legislature, by following the Michigan model, indicated that the traditional summary judgment standard was to be followed and that the threshold determination was not to be made routinely by [the] trial court judge in matters such as the one before us now, but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." See *Washington v. Baxter,* 553 Pa. 434, 447, 719 A.2d 733, 740 (1998). (footnote omitted)

We agree with plaintiff that reasonable minds could differ as to whether or not the injuries and associated scarring sustained by plaintiff are serious. Plaintiff was forced out of work for a month after this incident due to the injury to her leg. She experienced both the laceration and a burning sensation and hypesthesia of her right anterior shin. She sought treatment from a plastic surgeon, Dr. Eric Blomain, who treated her with a bleaching cream and silicone sheeting applications. He noted as of March 17, 1999, that she was left with a discolored scar with some pigmentation in it or possibly some motor oil or road dirt. As photographs show, plaintiff's scar is visible and remains so to this day.[1] Reasonable minds could differ as to whether or not plaintiff's scar constitutes a permanent serious disfigurement. As a result, this matter should be left to a jury, thus rendering summary judgment inappropriate on this issue as well. See *Washington v. Baxter, supra* and *Glodzik v. Whink Products Co., supra.*

---

1. See collective exhibits "A" through "H" attached to plaintiff's brief.

Ultimately, defendant Pep Boys' motion for summary judgment must be denied in toto and an appropriate order follows.

## ORDER

And now to wit, November 10, 2003, upon due consideration of defendant Pep Boys' motion for summary judgment and the able verbal and written arguments of counsel and in accordance with the foregoing memorandum, said motion for summary judgment of the defendant Pep Boys is denied.